AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 3:25-mj-71013 SK |
| Adrian Guerrero ) | |
| ) | |
| *Defendant(s)* | |

**FILED**
Aug 21 2025
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 20, 2025__ in the county of __San Francisco__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111 | Assault on a federal officer |
| 18 U.S.C. § 1361 | Damaging government property |

This criminal complaint is based on these facts:

Please see attached affidavit.

☑ Continued on the attached sheet.

Approved as to form /s/ Dan Karmel
AUSA Dan Karmel

/s/
*Complainant's signature*

Alejandro Lopez Ramirez, HSI Special Agent
*Printed name and title*

Sworn to before me by telephone.

Date: 08/20/2025

*Judge's signature*

City and state: San Francisco, CA

Hon. Sallie Kim, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT AND CRIMINAL COMPLAINT

I, Alejandro Lopez Ramirez, a Special Agent with Homeland Security Investigations, having been duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application for an arrest warrant and criminal complaint charging Adrian Guerrero ("GUERRERO") with violations of 18 U.S.C. § 111 (Assault on a Federal Officer) and 18 U.S.C. § 1361 (Damaging Government Property). As set forth below, there is probable cause to believe that on or about August 20, 2025, in the Northern District of California, GUERRERO slashed the tire of a government vehicle and threatened to stab a law enforcement officer while that officer was engaged in and on account of the performance of the officer's official duties.

## SOURCES OF INFORMATION

2. The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents, officers, and witnesses. Where statements made by other individuals (including other Special Agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

3. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included each and every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

## AFFIANT BACKGROUND

4. I am a Special Agent ("SA") with Homeland Security Investigations ("HSI"), within the United States Department of Homeland Security, and have been so employed since June 2023. I am currently assigned to investigate child exploitation crimes as a member of the Human Exploitation Investigations Group (HEIG) in the SAC San Francisco AOR.

5. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). I am empowered by law to conduct investigations, to execute search warrants, and to make arrests for offenses of Federal law.

6. Prior to my employment with HSI, I completed my Bachelor of Art degree in Psychology from San Jose State University and my Master of Science degree in Criminology with an emphasis on transnational crimes from San Jose State University.

7. I have assisted in the execution of search warrants for child sexual abuse material, controlled substances and/or related paraphernalia, and other evidence of violations of federal statutes. I have participated in investigations targeting individuals possessing child sexual abuse material, as well as individuals and organizations trafficking controlled substances as defined in Title 21, United States Code, Section 802(6).

8. I have received over 960 hours of training at the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia, relating to the investigations of narcotics trafficking, narcotics smuggling and money laundering among many other types of criminal investigations. Training included mock investigations of individuals who derived income from the distribution and sale of controlled substances. Through my training, experience, and interaction with other experienced Special Agents, Task Force Officers, and other drug investigators, I have become familiar with the methods employed by drug traffickers to smuggle,

safeguard, store, transport, and distribute drugs, and to collect and conceal drug-related proceeds, and to communicate with other participants to accomplish such objectives.

9. As a result of my participation in these and other activities, I have gained particular knowledge in the use and utility of undercover agents, confidential informants, physical surveillance, wire surveillance, electronic surveillance, oral surveillance, consensual recordings, investigative interviews, mail covers, trash searches, installation and monitoring of GPS tracking devices, pole-mounted cameras, and the execution of federal and state search and arrest warrants. In addition to using the aforementioned investigative techniques, during these investigations, I also have analyzed information from traditional record sources, such as telephone toll and subscriber records, as well as non-traditional record sources, such as the informal ledgers routinely maintained by drug traffickers listing amounts of drugs received from sources and distributed to customers and the amounts of money received from customers and owed to sources. I have also gained expertise in the identification and collection of drug and non-drug evidence, and the analysis and interpretation of recorded conversations. Additionally, I have spoken extensively with other experienced law enforcement officers and cooperating individuals about the packaging and preparation of drugs, methods of operation, and security measures employed by drug traffickers.

10. I have personally participated in the investigation discussed in this Affidavit as the lead case agent, and I am familiar with the facts and circumstances of the investigation. My role in this investigation, combined with my training and experience, information I have learned from other HSI agents and other law enforcement agencies, my discussions with witnesses involved in the investigation, and my review of records and reports relating to the investigation form the basis for the opinions I set forth in this Affidavit. Unless otherwise noted, wherever in this Affidavit I assert that a statement was made, the information was provided by another HSI agent, law enforcement officer, or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken, or whose reports I have read and

reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated.

## APPLICABLE STATUTE

11. **Assault on a Federal Officer**. Under Title 18, United States Code, Section 111, it is unlawful to forcibly assault any officer or employee of the United States while the officer or employee is engaged in or on account of the performance of the officer's or employee's official duties. Forceable assault includes a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.

12. **Destruction of Government Property**. Under Title 18, United States Code, Section 1361, it is unlawful to willfully injure or commit any depredation against any property of the United States, or of any department or agency thereof.

## STATEMENT OF PROBABLE CAUSE

13. On August 20, 2025, at approximately 9:40 a.m., Enforcement and Removal Operations ("ERO") officers with the Department of Homeland Security ("DHS") arrived to the area of 100 Montgomery Street, in San Francisco, California, to effect the arrest of an individual (the "Target Person"). Officers were accompanied by persons contracted to assist with transportation.

14. One of the vehicles being used for the arrest operation was a white Chevrolet van, with license plates marked "U.S. Government," "DHS," and "FOR OFFICIAL USE ONLY." At the time of the incident, it was parked on Sutter Street facing west. Shortly after officers placed the Target Person into the white van, an individual wearing all black clothing and a white patterned headscarf, later identified as GUERRERO, walked into the street and slashed the front left tire of the white van, then proceeded to walk east toward the rear of the van. At approximately the same time, two other individuals wearing similar clothing ran west away from the vehicle, while another individual wearing similar clothing remained standing on the

sidewalk.  In the video screenshots below,[1] GUERRERO is circled in red in the vicinity of the white van, while the other similarly dressed individuals are circled in yellow further away from the white van:

 

      15.      Multiple government witnesses observed GUERRERO approach the front driver side of the white van, bend over, and make a motion toward the tire.  The driver of the white van

---

[1] This video was obtained from a public social media account.

observed a black object in GUERRERO's hand.  The front passenger of the white van observed GUERRERO make an arm motion toward the tire and then heard the sound of air hissing.

16. Immediately after GUERRERO slashed the tire, an ERO officer in another vehicle took a video of GUERRERO, which depicted GUERRERO walking to the rear of the white van shortly after he slashed the tire.  A different ERO officer, who observed GUERRERO during the slashing, directed that GUERRERO be arrested.  GUERRERO was pepper sprayed by another officer but not arrested.  The still frame of the video below shows GUERRERO in black clothing and wearing orange-tinged goggles and a white patterned headscarf.  There was no one else was in the immediate vicinity at the time:



17. After the incident outlined above, officers began walking toward another location on Sansome Street.  A group of people, including GUERRERO, followed the officers.  As they did so, GUERRERO made repeated threats against one of the ERO officers, including stating: "I'm going to fuck you up," "I'm going to go after your family," and "I'm going to stab you." GUERRERO was approximately an arm's length away from the ERO officer as he was making

these threats, and the ERO officer had been informed that someone matching GUERRERO's description had just slashed the tire of a law enforcement vehicle. The ERO officer was afraid that GUERRERO was in fact going to stab him and alerted other nearby officers, who then arrested GUERRERO.

18. At the time of his arrest, GUERRERO was in possession of the black knife shown below:

 

19.     GUERRERO when arrested wore the same clothing visible in the video screenshot above, including the patterned headscarf and orange-tinged goggles:



20.     Following GUERRERO's arrest, both GUERRERO and one of the arresting officers complained of effects from pepper spray, consistent with GUERRERO being the individual observed slashing the tire of the white van and then being pepper sprayed. Additionally, I inspected GUERRERO's clothing following his arrest and observed pepper spray residue.

## CONCLUSION

21. Based on the information above, there is probable cause to believe that on or about August 20, 2025, GUERRERO violated 18 U.S.C. § 111 and 18 U.S.C. § 1361. Accordingly, I respectfully request that the Court issue a criminal complaint and a warrant for his arrest.

/s/
ALEJANDRO LOPEZ RAMIREZ
Special Agent
Homeland Security Investigations

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this 20th day of August 2025. This complaint and warrants are to be filed under seal.

HONORABLE SALLIE KIM
United States Magistrate Judge